IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cyndi Johnson, | : | |
| Plaintiff | : | Civil Action 2:06-cv-00739 |
| v. | : | Judge Watson |
| Judge William Grim and Melissa Feldman, | : | Magistrate Judge Abel |
| | : | |
| Defendants | : | |
| | : | |

## Initial Screening Report and Recommendation

Plaintiff Cyndi Johnson brings this civil rights action under 42 U.S.C. §1983. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim for relief against either defendant and, therefore, recommends dismissal of the complaint.

The complaint alleges that on August 18, 2006 Johnson filed a jury demand in the Athens County Municipal Court. She tendered the $10 filing fee, but Municipal Court

Clerk Melissa Feldman refused to accept payment.  The complaint further alleges that on August 21 the Clerk again refused to accept payment of the $10 filing fee.  The complaint prays for $250 million in damages.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  Moreover, *pro se* prisoner complaints must be liberally construed.  *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

<u>Analysis</u>.  To state a claim under 42 U.S.C. § 1983, a complaint must allege that:

(1)  a person acting under color of state law

(2)  deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor,* 451 U.S. 527, 535 (1981).  The complaint fails to expressly allege the violation of any constitutional right.  To the extent that the complaint may be attempting to plead a claim that Johnson was denied access to the courts, *see, Bounds v. Smith,* 430 U.S. 817, 828 (1977), it fails to plead that she Johnson has suffered any actual injury

as a result of Feldman's alleged refusal to accept the $10 filing fee. In order to establish a *Bounds* violation, a plaintiff must show actual injury. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Further, Johnson has state court remedies for her claim. She could file a mandamus action to compel the clerk to accept the filing fee. If she is unconstitutionally denied a right to a jury trial, she can assert that claim on appeal from the Municipal Court's judgment.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to state a claim under 42 U.S.C. §1983. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without pre-payment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v.*

*Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel
United States Magistrate Judge