IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cyndi Johnson,

    Plaintiff,

v.

Judge William Grim, et al.,

    Defendants.

Case No. 2:06-cv-00739

Judge Michael H. Watson

## ORDER

Plaintiff Cyndi Johnson brings this civil rights action under 42 U.S.C. §1983. This matter is before the Court on plaintiff's October 12, 2006 objections to the Magistrate Judge's Initial Screening Report and Recommendation (Doc. 8) recommending that the complaint be dismissed for failing to state a claim upon which relief can be granted. See 28 U.S.C. §1915(e)(2); McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997).

As required by 28 U.S.C. §636(c), the Court has made a de novo review of those portions of the Report and Recommendation to which the plaintiff specifically objects. Upon de novo review, the Court **OVERRULES** the plaintiff's objection.

The complaint alleges that on August 18, 2006 Johnson filed a jury demand in the Athens County Municipal Court. She tendered the $10 filing fee, but Municipal Court Clerk Melissa Feldman refused to accept payment. The complaint further alleges that on August 21 the Clerk again refused to accept payment of the $10 filing fee. The complaint prays for $250 million in damages. Plaintiff maintains that her complaint is about much more than the $10 filing fee and that she has been denied her constitutional right to due process.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

The Magistrate Judge correctly noted that to state a claim under 42 U.S.C. § 1983, a complaint must allege that: (1) a person acting under color of state law (2) deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). To the extent that the complaint may be attempting to plead a claim that Johnson was denied access to the courts, *see, Bounds v. Smith,* 430 U.S. 817, 828 (1977), it fails to plead that Johnson has suffered any actual injury as a result of Feldman's alleged refusal to accept the $10 filing fee. In order to establish a *Bounds* violation, a plaintiff must show actual injury. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). Further, Johnson has state court remedies for her claim. She could file a mandamus action to compel the clerk to accept the filing fee. To the extent that the complaint may implicate plaintiff's constitutional right to a jury trial, the state courts have the duty to vindicate litigants'

constitutional rights. *Stone v. Powell,* 428 U.S. 465, 494 n. 36 (1976). This Court will not assume that the state court will deny plaintiff a constitutional right. *Id.* If she believes that a constitutional right was denied her in the trial court, she can assert that claim on appeal from the Municipal Court's judgment.

For the reasons stated above, plaintiff's October 12, 2006 objection to the Magistrate Judge's Report and Recommendation (Doc. 8) is OVERRULED. This matter is hereby DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT for defendants.

**IT IS SO ORDERED.**

Michael H. Watson, Judge
United States District Court